UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
MATTHEW I. BRENNAN,                          :
                    Plaintiff,            :
v.                                           :
                                             :
TOWN OF CLARKSTOWN; CLARKSTOWN               :
SUPERVISOR GEORGE HOEHMANN;                  :        **ORDER**
CLARKSTOWN COUNCILMAN FRANK                  :
BORELLI; CLARKSTOWN BUILDING CODE            :        19 CV 11115 (VB)
TASK FORCE ATTORNEY LESLIE KAHN;             :
CLARKSTOWN ZONING BOARD OF                   :
APPEALS CHAIRMAN KEVIN HOBBS; and            :
CLARKSTOWN CODE ENFORCEMENT                  :
OFFICER RAYMOND L. FRANCIS,                  :
                  Defendants.          :
--------------------------------------------------------------x

By Opinion and Order dated July 27, 2020, the Court granted defendants' motion to dismiss. Plaintiff has now submitted a letter dated August 10, 2020 (Doc. #40), purportedly "in response" to the July 27 decision, which the Court liberally construes as a motion for reconsideration.

For the following reasons, the motion is DENIED.

"To prevail on a motion for reconsideration, 'the movant must demonstrate 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Catskill Dev., L.L.C. v. Park Place Entm't Corp., 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001) (quoting Doe v. N.Y.C. Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983)). Such a motion should be granted only when the Court has overlooked facts or precedent that might have altered the conclusion reached in the earlier decision. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see S.D.N.Y. L. Civ. R. 6.3.

The motion "may not advance new facts, issues, or arguments not previously presented to the court." Randell v. United States, 64 F.3d 101, 109 (2d Cir. 1995). Mere disagreement with the Court's decision is not a basis for reconsideration. Pro Bono Invs., Inc. v. Gerry, 2008 WL 2354366, at *1 (S.D.N.Y. June 9, 2008) (collecting cases).[1]

Having carefully reviewed its July 27 decision as well as plaintiff's motion, the Court concludes it did not overlook facts or precedent that might have altered the conclusions reached in the earlier decision. Moreover, nothing in the instant motion persuades the Court that the earlier decision was wrong in any material respect. Accordingly, there is no need to correct a clear error or prevent manifest injustice. In short, the instant motion is entirely without merit.

---

[1] Plaintiff will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

1

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Order to plaintiff at the address on the docket.

Dated: August 18, 2020
       White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge